# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

JERMAINE MCKINNEY                                                                           PETITIONER

v.                                                                          No. 1:15CV49-SA-SAA

JIM KITCHENS, ET AL.                                                     RESPONDENT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Jermaine McKinney for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state court remedies. The petitioner has not responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies. In addition, the petition will also be dismissed on the merits.

## Facts and Procedural Posture

McKinney pled guilty to attempted burglary of a dwelling (Count III) in Clay County Circuit Court Cause No. 8807, and was sentenced to a term of eight years to be served in the custody of the Mississippi Department of Corrections (MDOC), with five years post-release supervision. Counts I and II were retired to the files. On April 13, 2013, McKinney was released from MDOC custody. On June 12, 2014, the State filed a "Petition to Revoke Post-Release Supervision" in McKinney's case, noting that McKinney had violated the following terms of his supervision:

> (1) Testing positive for the use of marijuana on December 11, 2013, April 2, 2014, and June 4, 2014;
>
> (2) Failing to make any payments as required by the trial court; and
>
> (3) Failing to attend and complete alcohol and drug treatment as he was directed to do by M.D.O.C.

On June 10, 2014, a warrant was issued for McKinney. On July 16, 2014, McKinney's post-release supervision was revoked, and he was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections.

## Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial

courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In the instant petition for a writ of *habeas corpus*, McKinney asserts that he should have been sentenced to 180 days at a technical violation center, rather than to serve the five years of his post-release supervision. As such, McKinney seeks to be resentenced to a technical violation center or to have his post-release supervision reinstated. First, McKinney has never raised this claim in the Mississippi Supreme Court, and thus has not exhausted it in state court. He attached to his petition copies of documents filed with the MDOC Administrative Remedy Program, which was filed in MSP-14-2944. ECF doc. 1. McKinney's grievance was rejected because the relief he sought, to be placed in a technical violation center or to have his post-release supervision reinstated, was beyond the power of MDOC to grant. McKinney has filed no pleadings in the Mississippi Supreme Court challenging the revocation of his parole.

McKinney could exhaust his claim by seeking post-conviction collateral review, under Miss. Code Ann. § 99-39-1, *et seq*., and appealing any adverse decision he may receive. At this point, however, it appears that the one-year *habeas corpus* statute of limitations has expired, and any *habeas corpus* would probably be untimely. As the State has shown, the petitioner still has the remedy of state post-conviction collateral relief, which he may pursue in state court. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies.

**Merits**

A federal district court may, however, deny a claim on the merits, even if the claim has not been exhausted in state court. *Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999). The relevant code provision, Miss. Code Ann. § 47-7-37(d), states in part, "For the third technical violation, the court may impose a period of imprisonment to be served in either a technical

violation center or a restitution center for up to one hundred eighty (180) days *or the court may impose the remainder of the suspended sentence*." (Emphasis added). McKinney's post-release supervision was revoked on multiple grounds, including the fact that McKinney had tested positive for marijuana for the *third* time. In fact, in the copy of the grievance attached to the instant petition, McKinney himself acknowledges that he "was arrested for probation violation for third offense positive drug test." ECF doc. 1, pg. 5. As McKinney's parole was revoked for a third technical violation, the trial court acted within its discretion to "impose the remainder of the suspended sentence." Miss. Code Ann. § 47-7-37(d). Therefore, McKinney's assertion that he was unlawfully sentenced on his revocation is without substantive merit. As such, McKinney's petition will be dismissed with prejudice on the merits, as well as for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 3rd day of May, 2016.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**